**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:12-CR-3-13 JRG-RSP |
| | § | |
| TRACY RENEE HAMPTON | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On February 8, 2017, the undersigned held a final hearing on the Government's petition (#608) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Tracy Renee Hampton, was represented by Scott Rectenwald.

Tracy Renee Hampton was sentenced on February 26, 2013, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Possession of a List 1 Chemical with Intent to manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category if VI, was 110 to 137 months. Tracy Renee Hampton was subsequently sentenced to 84 months imprisonment followed by a three year term of imprisonment subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, and mental health treatment. On April 6, 2015, the term of imprisonment was reduced to 70 months pursuant to 18 U.S.C. 3582(c)(2). On March 16, 2016, Tracy Renee Hampton completed her period of imprisonment and began service of the supervision term.

On October 11, 2016, Ms. Hampton's conditions of supervised release were modified to

include the following: You shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

On January 26, 2017, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>: The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. Specifically, the Government alleges as follows: Ms. Hampton quit her job at Suddenlink on December 5, 2016, and has not maintained employment since that date.

2) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On August 17, 2016, Ms. Hampton submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test. On August 23, 2016, Ms. Hampton submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test. On or about September 15, 2016, Ms. Hampton admitted to using methamphetamine. On September 19, 2016, Ms. Hampton submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test. On October 14, 2016, Ms. Hampton admitted to using methamphetamine. On December 5, 2016, Ms. Hampton submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test.

3) <u>Standard</u>:  The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.  Specifically, the Government alleges the following:  On September 19, 2016, Ms. Hampton admitted to associating with Travis Shelton, a convicted felon.

4) <u>Standard</u>:  The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  Specifically, the Government alleges the following:  On or about September 15, 2016, Ms. Hampton attempted to falsify drug test results.

5) <u>Special</u>:  You shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately.  You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.  Specifically, the Government alleges the following:  On December 19, 2016, Ms. Hampton was unsuccessfully discharged from the residential reentry center.

The Court scheduled a revocation hearing for February 8, 2017.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegation Nos. 1, 3, 4 and 5.  Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of her supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 14 months, with no supervised release to follow such term of imprisonment. The Court recommends service of sentence at FMC Carswell, TX. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of her supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 14 months, with no supervised release to follow such term of imprisonment. The Court recommends service of sentence at FMC Carswell, TX.

At the close of the February 8, 2017 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 5th day of June, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE